**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Shelley Chambers Thompson, | ) | No. CV 08-0472-PHX-LOA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| University of Phoenix, Inc., an Arizona corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On March 11, 2008 the Court issued a Notice of Assignment (docket #1) ordering Plaintiff to file on or before March 28, 2008 her written election to either consent to magistrate judge jurisdiction or elect to proceed before a United States District Judge. Plaintiff was warned that failure to comply with these orders and any of them may result in the dismissal of Plaintiff's Complaint without prejudice pursuant to Rule 41, FED.R.CIV.P..

On April 1, 2008, this Court entered an Order (docket #6) directing Plaintiff to show cause in writing on or before Friday, April 11, 2008 why her claims against Defendant as appearing in the caption of Plaintiff's Complaint should not be dismissed without prejudice for failure to comply with the orders of this Court.

Plaintiff has failed to comply with the Court's March 28, 2008 and April 1, 2008 Orders.   Therefore, sanctions are appropriate pursuant to Local Rule 83.1(f)(1), LRCiv, Rules of Practice for the United States District Court of the District of Arizona, effective

1    December 1, 2007.  In view of Plaintiff's repeated  non-compliance, the Court will dismiss

2    Plaintiff's Complaint without prejudice.

3         Dismissal of a complaint for failure to comply with the procedural rules of the court

4    is within the court's discretion.  *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d

5    187, 188 (2nd Cir. 1943); *Sergio Bautista et al. v. Los Angeles County*, 216 F.3rd 837 (9th Cir.

6    2000).  Moreover, district courts have the inherent power to control their dockets and in the

7    exercise of that power may impose sanctions including, where appropriate, dismissal of a

8    case.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to

9    dismiss a case for failure  to comply with a court order, district courts must weigh five

10   factors:  (1) the public interest; (2) the court's need to manage the docket; (3) the risk of

11   prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits;

12   and (5) the availability of less drastic alternatives."  Id. at 1260-61.

13        After considering and weighing all five factors to determine if dismissal is

14   appropriate for Plaintiff's failure to comply with the Court's orders, the Court concludes

15   dismissal without prejudice of the Plaintiff's Complaint is appropriate and just under the

16   circumstances of this case.

17        Accordingly,

18        **IT IS ORDERED** that Plaintiff's Complaint is hereby dismissed without prejudice.

19   DATED this 16th day of April, 2008.

Neil V. Wake
United States District Judge